This appeal presents a tragic scenario. Two young people dating in high school exceed the limit in their relationship and conceive a child. The parties do not marry, but continue their relationship after graduation. They care for their child with parental support and assistance. Through their relationship, each continues to date others.
After a night out with friends, the couple return to their residence, the home of the young man's mother. He is drunk and crashes in bed. She goes to the bathroom for her usual routine; it is 2:30 — 3:00 a.m. Both need to be up in the morning to go to work. The mother also must be up in the morning for work.
The usual plan is the mother is up and gone early. The girl is up and gone to work early. The boy, appellant herein, regularly is up about 8:00 a.m., gets himself ready for work, and gets Destiny, his daughter of tender years, up for breakfast and ready for day care.
On the morning of October 13, 1994, when appellant awakes, as usual his mother has gone to work. Destiny's mother has gone to work. Destiny has been asleep in her grandmother's bedroom. It is usual for appellant to start his car to warm it up before bringing Destiny outside for the trip to day care. There is no evidence to contradict appellant's story. Appellant goes out to his auto and sees the girl's car still in the drive, he goes back in the house looking for Kristy. She is not there. It's before 9:00 a.m. when he is to be at work. He notices an outside door open and goes out and finds Kristy. Kristy appears to be dead and he returns to the house to call 911. Then he calls his employer, who sends a friend to take the child to day care. He calls Kristy's mother only to receive a recorded message. The emergency medical team arrive at the scene. The police arrive later.
There is a conclusion by the police that Kristy was drunk, choked on her vomit, passed out, fell and hit her head, and died. An autopsy was performed and cause of death was not determined. Months later, the authorities became convinced that Kristy's death was a homicide and presumed that appellant was the perpetrator of the crime.
At trial, the prosecution could by circumstantial evidence establish that the death was a homicide. However, there is an absence of evidence direct or circumstantial implicating appellant in the crime.
The time of death was not established. It appears possible that Kristy was killed elsewhere and moved to the backyard where she was found, but there is no evidence appellant did it. Having determined that appellant must be the one who killed Kristy, other explanations were not sought.
Although the majority has accepted the prosecution's version of evidence, the relevant testimony fails to establish appellant's guilt beyond a reasonable doubt. An objective reading of the record, free of innuendo, insinuations, and speculation, convinces me that the jury lost its way and a manifest injustice has been done. I believe appellant's fourth and fifth assignments of error have merit and the conviction should be reversed.